UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-239-MOC-DCK

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DERRICK LAMONT DUNCAN, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se motion to reduce sentence pursuant to USSC Amendment 821. (Doc. No. 198). The Government opposes Defendant's motion. (Doc. No. 202). The Court will deny Defendant's motion.

I.   Background

Between 2016 and 2019, Defendant participated in a drug-trafficking conspiracy and bought and sold cocaine in Mecklenburg County, North Carolina. (WDNC Case No. 3:18CR239, Doc. No. 119 ¶ 6). Defendant regularly bought kilogram quantities or cocaine that he later distributed for resale. (Id.). More than 50 kilograms but less than 150 kilograms of cocaine were reasonably foreseeable to Defendant. (Id.).

Defendant had prior convictions for numerous drug-related offenses, including two state-court convictions for possessing with intent to sell and deliver cocaine and a 2007 federal conviction for conspiracy to possess with intent to distribute crack and powder cocaine and possessing with intent to distribute cocaine. (Id., Doc. No. 119 ¶¶ 25–36). Defendant was sentenced to six to eight months in prison and to 10 to 12 months in prison for his state offenses. (Id., Doc. No. 119 ¶¶ 29, 33). His probation related to those offenses was revoked. (Id.). This Court sentenced Defendant to 132 months in prison for his federal offense. (Id., Doc. No. 119 ¶

1

36). While Defendant was in the Bureau of Prisons, he committed four disciplinary infractions. (Id.). Defendant was released from prison in December of 2016 and quickly began selling cocaine again. (Id.).

A federal grand jury indicted Defendant and charged him with conspiracy to distribute and possess with intent to distribute at least 5 kilograms of cocaine. (Id., Doc. No. 32). The Government filed an information under 21 U.S.C. § 851, notifying Defendant and the district court that it intended to seek an enhanced penalty because Defendant had previously been convicted of a serious drug felony. (Id., Doc. No. 75 ¶ 4). Defendant pleaded guilty to the drug-trafficking offense. (Id., Doc. No. 75 ¶ 1; id., Doc. No. 78). In the plea agreement, the Government agreed to withdraw its Section 851 information, and Defendant stipulated that more than 50 but less than 150 kilograms were reasonably foreseeable to him. (Id., Doc. No. 75 ¶ 7(a)).

This Court's probation office submitted a presentence report and calculated a total offense level 31. (Id., Doc. No. 119 ¶ 31). Defendant's criminal history garnered three criminal history points related to his prior convictions. (Id., Doc. No. 119 ¶ 37). The probation office also assessed Defendant two criminal-history points because he committed his felon-in-offense while he was on supervised release. (Id., Doc. No. 119 ¶ 38). The probation office concluded that the Sentencing Guidelines advised a sentence of between 135 and 168 months in prison based on a total offense level of 31 and a criminal history category of III. (Id., Doc. No. 119 ¶ 61). Without the withdrawal of Defendant's Section 851 information, he would have faced a statutory mandatory minimum of 15 years in prison. (Id., Doc. No. 119 ¶ 60). Because the United States withdrew that information, he was subject to a mandatory minimum of 10 years in prison. (Id., Doc. No. 119 ¶ 62).

The United States moved for a downward departure under Sentencing Guidelines § 5K1.1 for Defendant's substantial assistance to the United States. (Id., Doc. No. 180 at 2). This Court departed downward by four offense levels, resulting in an advisory guideline range of between 87 and 108 months in prison — a reduction of 36%. (Id.). This Court sentenced Defendant to 96 months in prison, in the middle of that range. (Id., Doc. No. 179 at 2).

During his imprisonment, Defendant has received seven disciplinary citations. (Gov't Ex. 1). Five citations were for possessing a hazardous or non-hazardous tool and were received for infractions committed between 2010 and July of 2022. (Id.). Defendant also received citations for possessing drugs or alcohol and for possessing an unauthorized item. (Id.). He has completed 56 educational courses, including residential and nonresidential drug treatment. (Id.). Defendant is credited with having served 56 months in prison. (Id.). Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

**II.     Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who

committed his offense while under any criminal justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

**III.  Analysis**

Defendant received two criminal history points because he committed his drug-trafficking offense while he was on supervised release—a criminal justice sentence. Under Amendment 821, he would not receive those criminal history points because he received fewer than seven criminal history points related to his prior convictions. Without those two criminal history points,

Defendant's criminal history category would be reduced from category III to II. See U.S.S.G. ch. 5, part A. And his guideline range, based on a total offense level of 31 and a criminal history category of II, before any downward departure, would be reduced to 121 to 151 months in prison. See id. Applying a comparable downward departure would yield a guideline range of between 78 and 97 months in prison. Defendant is eligible for a reduction in his sentence to 87 months in prison, in the middle of the revised range.

The Court will, in its discretion, deny Defendant's motion. Defendant has a long and consistent history of committing drug-trafficking offenses. After serving a 132-month sentence after his last federal conviction, Defendant quickly returned to drug trafficking. Moreover, while Defendant has not committed any violent disciplinary infractions while in the Bureau of Prisons, he has committed seven infractions. Considering the sentencing factors described in 18 U.S.C. § 3553(a), especially Defendant's history and characteristics, the need to protect the public, and the need for deterrence, Defendant's 96-month sentence remains sufficient but not greater than necessary to accomplish those sentencing objectives. For these reasons, the Court denies Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion to reduce sentence pursuant to USSC Amendment 821 (Doc. No. 198) is **DENIED**.

Signed: January 23, 2024

Max O. Cogburn Jr.
United States District Judge