UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-239-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **DERRICK LAMONT DUNCAN,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion Requesting a Judicial Recommendation Concerning Length of RRC/Halfway House Placement. (Doc. No. 212). The Government has not filed a response.

Defendant is serving a 96-month sentence for drug-trafficking. His release date is February 10, 2026. Defendant requests a recommendation from the Court for the Bureau of Prisons to place him in a halfway house during the last 12 months of his sentence.

Defendant's Motion Requesting a Judicial Recommendation Concerning Length of RRC/Halfway House Placement (Doc. No. 212) is **DENIED**. While Defendant maintains that he "has participated enthusiastically in available BOP programs and read books in an attempt to prepare for his release and aid in his rehabilitation," (Doc. No. 121 at 2), Defendant has received seven disciplinary citations during his imprisonment. (See Doc. No. 205 (denying Defendant's Amendment 821 motion)). Five citations were for possessing a hazardous or non-hazardous tool and were received for infractions committed between 2010 and July of 2022. (Id.). Defendant also received citations for possessing drugs or alcohol and for possessing an unauthorized item. (Id.). Moreover, Defendant has a long history of drug trafficking, and he committed the offense leading to his current conviction while on supervised release for another prior drug-trafficking

1

conviction. The Court cannot in good conscience recommend release to a halfway house before he serves his full sentence. Of course, the BOP may determine that he is entitled to this release on its own, but the Court declines to issue a recommendation.

Signed: August 8, 2024

Max O. Cogburn Jr.
United States District Judge